IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD OWEN TAYLOR, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-683-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Richard Owen Taylor, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I.  BACKGROUND

Petitioner is serving a 40-year sentence in TDCJ on his 1998 Tarrant County conviction for murder with a deadly weapon in Case No. 0577954A for an offense occurring on September 14, 1991. Pet. 2, ECF No. 1; WR-41,683-01, 44-48, ECF No. 7-5. By way of this federal petition, Petitioner asserts that his rights under the Eighth and Fourteenth Amendments were violated by the denial of his release on parole in May 2015. Pet. 6, 12, ECF No. 1. The Texas Board of Pardons and Paroles (the Board) set his next parole review date as May 2017. Resp't's Ex. A, ECF No. 11. The Board denied Petitioner's release for the following reason(s):

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

**2D Nature of Offense -** The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.

*Id.*

## II.  RULE 5 STATEMENT

Respondent believes that the petition is neither time-barred nor successive and that Petitioner's claims have been sufficiently exhausted in state court. Resp't's Answer 5, ECF No. 9.

## III.  DISCUSSION

In support of his release on parole, Petitioner raises the following argument:

Taylor was 17 years old when this offense was committed with his older brother, Charles Clark, who admitted to the shooting that killed Allen Wayne Morris, the store clerk. Taylor is now 41 years of age. He has been eligible for release on parole since August 18, 2007.

Taylor has demonstrated maturity and rehabilitation during his incarceration by successfully completing all available TDCJ Courses, including Cognitive Intervention and Parenting. He has twice completed Voyager, a life changes class. He has mentored for the school system where he taught character building, and life changing principles. He has successfully tutored many inmates to a GED certificate. He frequently attends AA/NA, and many other support groups, often times presenting lectures. He has no record of violent offenses in his now 18 years of incarceration. He has been without discipline, minor or major, for several years, while he has maintained the greatest level of class earning status under his circumstances. He has a suitable residence and gainful employment upon release.

Despite the Texas Board of Pardons and Paroles' recognition of Taylor's progress, the Board continues to deny Taylor's parole because of the nature of the offense; i.e. a murder conviction. The Board's latest denial was on May 27, 2015, resetting his next review for May, 2017. These decisions to deny Taylor release on parole violates his rights under the 8th and 14th Amendment[s] as announced by the United States Supreme Court, and further violates the evolving standards of decency that mark the progress of a maturing society.

2

> The Texas courts ignored the U.S. Suprme [sic] Court's mandates, incorrectly finding that Taylor had no protected liberty interest in parole.

Pet. 6, 12, ECF No. 1.

As legal authority, Petitioner relies primarily upon the Supreme Court cases in *Miller v. Alabama* and *Graham v. Florida,* holding that the Eighth Amendment's cruel and unusual punishments clause prohibits a sentence of life without parole for juvenile offenders. *Miller v. Alabama,* 567 U.S. 460, 132 S. Ct. 2455, 2460 (2012); *Graham v. Florida,* 560 U.S. 48, 74 (2010). *Miller/Graham* require that a state must give juvenile offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham,* 560 U.S. at 75.

Petitioner raised his claim in a state habeas application, but the state habeas court concluded that both Texas and the federal courts hold that Texas prison inmates have no protected liberty interest in parole; that the Fifth Circuit holds that an inmate cannot attack the procedures used by the parole panel to make the decision to deny him parole because there is no liberty interest in parole; and that Petitioner failed to prove his claim was cognizable on state habeas review. Adm. R., WR-41,683-04, 86, ECF No. 7-11. The Texas Court of Criminal Appeals, in turn, denied relief on the claim.

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A Texas inmate has no constitutionally protected liberty interest in obtaining parole, and, thus, any challenge to the procedures the Board uses to deny parole, the guidelines affecting suitability for parole, and/or the factors considered by the Board to reach its decision necessarily fails. *Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir.

2007); *Allison*, 66 F.3d 71, 73 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Such claims do not raise a basis for federal habeas relief. Accordingly, the state courts' denial of habeas relief is in accord and is neither contrary to, or involve an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

Furthermore, the authorities cited by Petitioner are inapplicable to his case as he did not receive a sentence of life without the possibility of parole and there is no basis in the record to support a conclusion that Petitioner's sentence is tantamount to life without the possibility of parole. Additionally, Petitioner is both eligible and has been considered for parole. And, even if the authorities upon which he relies were to apply to parole decisions, presumably, the Board was aware of and considered Petitioner's youth at the time of the crime and Petitioner's development during his incarceration. Thus, the record reflects that the Board gave Petitioner a meaningful opportunity to demonstrate maturity and rehabilitation with respect to parole suitability.

## IV.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 24th day of March, 2017.

Reed O'Connor
UNITED STATES DISTRICT JUDGE